

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-4-2009

# Pae Chung v. Byong Choi

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3932

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Pae Chung v. Byong Choi" (2009). *2009 Decisions.* Paper 1234.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1234

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 08-3932

_____

PAE YOUNG CHUNG;
SUK CHUNG,

Appellants

v.

BYONG JIK CHOI;
IN SOK CHOI

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 07-02187)
Honorable Harvey Bartle, III, District Judge

_____

Submitted under Third Circuit LAR 34.1(a)
June 2, 2009

_____

BEFORE: MCKEE, HARDIMAN, and GREENBERG, Circuit Judges

(Filed: June 4, 2009)

_____

OPINION OF THE COURT

_____

GREENBERG, Circuit Judge.

This matter comes on before this Court on an appeal from a final judgment entered

on August 19, 2008, in this contract and tort action in which Pae Young Chung and Suk

Chung sued Byong Jik Choi and In Sok Choi. The Chungs set forth their claims in two counts, one predicated on the Chois' alleged breach of contract and the second predicated on their alleged tortious interference with the Chungs' contract for the sale of their business.

The dispute arose out of a landlord-tenant relationship between the Chois as landlords and the Chungs as tenants in a property located at 35 South 52nd Street in Philadelphia in which the Chungs operated a restaurant. In particular, the action's roots were in 2006 when the Chungs contemplated selling the business and, after negotiations between the Chungs and the Chois, they either entered into or came close to entering into an agreement specifying the terms pursuant to which a purchaser of the business could rent the property. At that time the Chungs had not yet found a purchaser for the business. Ultimately, however, after the Chungs found a purchaser, when the Chois advised the purchaser that they wanted terms materially less favorable to a tenant than those the Chois and the Chungs had discussed, the sale collapsed because the purchaser would not accept those terms. The Chungs then brought this action, asserting that the loss of the sale caused them a financial loss for which the Chois were responsible.

The case was tried to the District Court sitting without a jury and thus the Court explained its determinations in an opinion dated August 18, 2008, making comprehensive findings of fact and reaching conclusions of law. Consequently, we only have summarized the facts of the case in our opinion. The crucial conclusions the District

2

Court reached were that the parties ultimately did not enter a binding agreement with respect to the rental terms to be offered a purchaser of the restaurant, and that, even if they did so, the terms were to be binding on the Chois only for a reasonable length of time and the Chungs did not find a purchaser within that reasonable time. Accordingly, the Court held that the agreement, if there was one, had expired before the Chungs found a purchaser for the restaurant. Thus, the Court held in the Chois' favor and the Chungs appealed.

The District Court had diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332 and we have jurisdiction pursuant to 28 U.S.C. § 1291. The parties dispute our standard of review. The Chungs contend that this case involves only errors of law caused by the formulation of erroneous legal precepts and thus our review is plenary. See Barclays Invs., Inc. v. St. Croix Estates, 399 F.3d 570, 576 (3d Cir. 2005) (court of appeals makes de novo review of state law).

On the other hand, the Chois see this appeal as involving a review of the District Court's factual findings and thus contend that we should use the clearly erroneous standard in adjudicating this appeal. See Berg Chilling Sys., Inc. v. Hull Corp., 369 F.3d 745, 754 (3d Cir. 2004). We have no need to resolve this dispute over our standard of review as, regardless of which we apply, we are in complete agreement with the District Court and will affirm substantially for the reasons it set forth.

We, however, do comment on one point in the Chungs' brief. In the District

3

Court's opinion it explains that on April 20, 2006, the Chungs through their attorney submitted a counteroffer to the Chois in response to an earlier offer from them. On April 29, 2006, the Chois, through their son who was negotiating on their behalf, wrote the Chungs' attorney that "all the terms [of the April 20, 2006 counteroffer] look fine . . . ." App. at 207. He then added the following new consideration to the negotiations in his April 29, 2006 correspondence: "let's look at the new tenant's credit report before we accept the offer in it's [sic] entirety however."

In their brief the Chungs indicate that "[t]he choice of words [with respect to the new tenant's credit] assumes incorrectly that the email dated April 29, 2006, was not an acceptance of the previous email offer for a lease" containing specific terms for the new lease. Appellants' br. at 14. Then the Chungs go on to say that the provisions with respect to the new tenant's credit status "are not intended as a condition of acceptance. The terms had already been negotiated." Id. at 17.

Clearly the Chungs' approach is flawed. The provision with respect to the tenant's credit was a portion of the Chois' acceptance of the Chungs' terms which the Chois did not accept until April 29, 2006. Thus, the provision added a subject to the parties' negotiations by setting forth that prior to the Chois accepting the Chungs' offer they wanted to look at the purchaser's credit report. We are well aware that contractual provisions for assignments and subleases frequently provide that the landlord has the right to review a proposed assignee or subtenant and can withhold consent to an assignment or

4

sublease but that he cannot do so unreasonably. The credit report reference in the April 29, 2006 letter, however, did not state that the Chois would not unreasonably reject a new tenant on the basis of his credit. Accordingly, the Chungs' contention that "[t]he buyers had excellent credit," appellants' br. at 20, even if true, does not help their case. Our point is that if the Chungs wanted to negotiate for a reasonable consent provision with respect to the new tenant they should have done so. Instead, they left the Chois with the unfettered right to look at the credit report "before we accept the offer." Thus, the Chois made it clear that there was not to be an agreement until they saw the credit report on the purchaser and accepted him to be their tenant. The provision does not set forth a standard to govern the Chois' acceptance or rejection of the new tenant. Clearly, inasmuch as the Chungs did not express their agreement to the open-ended credit report provision in the April 29, 2006 letter, the Chungs and the Chois never entered into a binding agreement obliging the Chois to accept a new tenant.

For the foregoing reasons and for the reasons the District Court set forth, the judgment of August 19, 2008, will be affirmed.